**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

ERWIN DARNELL COLEMAN                    CIVIL ACTION NO. 15-2365

VERSUS                                   JUDGE S. MAURICE HICKS, JR.

C.O. LEE, ET AL.                         MAGISTRATE JUDGE HORNSBY

**MEMORANDUM RULING**

Before the Court is a Motion to Dismiss Pursuant to FRCP 4(j), 12(b)(4), 12(b)(5) and 12(b)(6) filed by Defendants, Harrison Shaver and Sherlon Combs.  See Record Document 39.  Defendants seek dismissal on the grounds of insufficient service, qualified immunity, and failure to state a claim upon which relief can be granted.  Plaintiff Erwin Darnell Coleman ("Coleman") opposed the Motion to Dismiss, arguing there was sufficient service; he has stated a failure to intervene claim; and dismissal on the ground of qualified immunity is premature at this stage.  See Record Document 47.  For the reasons set forth below, Defendants' Motion to Dismiss is **DENIED**.

I.     **BACKGROUND**.

Coleman resided with his mother in Shreveport, Louisiana and was under parole supervision at this time.  See Record Document 36 (Second Amended Complaint) , ¶¶ 8-9.  Probation and Parole Officer Shaver ("Officer Shaver") was Coleman's parole officer.  See id., ¶ 10.

On or about January 27, 2015, during the morning hours, Coleman was at his mother's home located in Shreveport, La.  See id., ¶ 9.  City of Shreveport police officer C.O. Lee ("Officer Lee"), City of Shreveport police officer M.T. Murphy ("Officer Murphy"), Officer Shaver, and Probation and Parole Officer Combs ("Officer Combs") came to the

home where Coleman resided because a neighbor had called the police and accused Coleman of committing acts of minor property damage.  See id., ¶ 11.  According to Coleman, the police began to knock loudly and kick on the door to the residence, demanding that he exit.  See id., ¶ 12. Coleman alleges that he inquired through the closed door what was the"problem" and asked about a warrant.  See id.  The officers refused to answer and told Coleman they needed no warrant to enter his home.  See id.  Coleman called 911 to find out why the officers were there.  See id.  Once he was able to determine the purpose of the officers' presence at his residence, he exited the house.  See id.

Upon his exit, Coleman alleges that Officer Lee and Officer Murphy immediately grabbed him and handcuffed him.  See id., ¶ 13.  Coleman further alleges that Officer Combs and Officer Shaver were in the immediate vicinity.  See id.  Once handcuffed, Officer Lee body slammed Coleman onto the concrete floor of the porch.  See id.  Coleman's head was slammed onto the floor.  See id.  The body slam caused Coleman to lose three teeth and caused injury to his abdomen area and groin.  See id.  Coleman contends that Officer Lee also repeatedly kicked Coleman in his head and lower body area.  See id.

Coleman alleges that Officer Murphy, Officer Combs, and Officer Shaver had time to intervene to warn, command and/or stop some or all of the use of force by Officer Lee.  See id., ¶ 14.  Coleman maintains that the force used by Officer Lee was obviously excessive at the time and the actions of the officers were clearly a violation of Coleman's civil rights.  See id.

Coleman filed a Second Amended Complaint and Demand for Jury Trial on March 23, 2016.  See id.  His action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth

and Fourteenth Amendments of the United States Constitution.  <u>See id.</u>, ¶ 1.  Coleman alleges excessive force, failure to intervene, and the corresponding state law claims.  <u>See id.</u>, ¶¶ 16-26.   The named defendants are Officer Lee, Officer Murphy, the City of Shreveport, Officer Shaver, and Officer Combs.  <u>See id.</u>, ¶¶ 3-7.  Officer Shaver and Officer Combs are sued in their individual capacities only.  <u>See id.</u>, ¶¶ 6-7.

## II.    LAW AND ANALYSIS.

### A.    Service.

Defendants argue that the allegations against them amount to "a suit against the state for purposes of service" and that they have not been served in accordance with Louisiana Revised Statutes 13:5107 and 39:1538.  Rule 12(b)(4) permits a court to dismiss a complaint for insufficient process.  Rule 12(b)(5) allows a claim to be dismissed for insufficient service of process.  Pursuant to Rule 4(j)(2), a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> (A)    delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B)    serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Defendants argue that Coleman has not complied with state law because service upon the Secretary of the Louisiana Department of Public Safety and Corrections, Louisiana's Office of Risk Management, and the Attorney General for the State of Louisiana was not effectuated.  Defendants seeks dismissal on this ground pursuant to Rules 12(b)(4) and (b)(5).

The Second Amended Complaint clearly states that Officer Shaver and Officer Combs are sued in their individual capacities only.  See Record Document 36, ¶¶ 6-7.[1] Coleman has plead intentional acts against them and no monetary damages are sought from the State by Coleman as to the acts of Officer Shaver and Officer Combs.  See Record Document 41 at 6.  "A plaintiff seeking damages from a public official in his individual capacity . . . must effect service personally pursuant to FRCP 4(e)."  Michalik v. Hermann, No. CIV. A. 99-3496, 2001 WL 434489, at *3 (E.D. La. Apr. 26, 2001), citing Simpkins v. District of Columbia Govt., 108 F.3d 366, 369 (D.C. Cir.1997).  "Service on a defendant in his official capacity pursuant to FRCP [4(j)] does not amount to service in his individual capacity."  See id., citing Robinson v. Turner, 15 F.3d 82 (7th Cir.1994).  Here, Officer Shaver and Officer Combs have been sued in their individual capacities and served individually.  See Record Documents 34 & 36.  Moreover, this Court finds that Secretary of the Louisiana Department of Public Safety and Corrections, Louisiana's Office of Risk Management, and the Attorney General for the State of Louisiana are all on notice of the instant action.  In fact, the Louisiana Attorney General is providing these Defendants with a legal defense.  Accordingly, Defendants' Motion to Dismiss filed pursuant to FRCP 4(j), 12(b)(4), 12(b)(5) is **DENIED**.[2]

### B.    Failure to State a Claim and Qualified Immunity.

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for

---

[1]Defendants admit that Defendants are sued in their individual capacity only, noting "the defense of qualified immunity is available only to state actors in their individual capacities."  Record Document 39-1 at 4.

[2]The Court further notes that Defendants failed to address the service issue in their reply, focusing only on qualified immunity.  See Record Document 47.

pleadings that state a claim for relief, requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The standard for the adequacy of complaints under Rule 8(a)(2) changed from the old, more plaintiff-friendly "no set of facts" standard to a "plausibility" standard found in Bell Atlantic v. Twombly and its progeny.  Twombly, 550 U.S. 544, 127 S.Ct. 1955 (2007).  Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Twombly, 550 U.S. at 555-556, 127 S.Ct. at 1965.  If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2).  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citation omitted).

In deciding a Rule 12(b)(6) motion to dismiss, a court generally "may not go outside the pleadings."  Colle v. Brazos County, Texas, 981 F.2d 237, 243 (5th Cir. 1993).  Courts must also accept all allegations in a complaint as true.  See Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949.  However, courts do not have to accept legal conclusions as facts.  See id.  "Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive such a motion.  See id. at 678-679, 129 S.Ct. at 1949-1950.  If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted.  See id.

Defendants argue that the doctrine of qualified immunity calls for the dismissal of Coleman's failure to intervene claims against them.  The Fifth Circuit applies "a heightened pleading standard which must be satisfied whenever there is alleged a defense of qualified

immunity." Babb v. Dorman, 33 F.3d 472, 477 (5th Cir.1994). This heightened pleading standard requires that "the complaint . . . state with factual detail and particularity the basis for the claim which necessarily includes why the defendant-official cannot successfully maintain the defense of immunity." Id. The law does "not require that an official demonstrate that he did not violate clearly established federal rights; [Fifth Circuit] precedent places that burden upon plaintiffs." Pierce v. Smith, 117 F.3d 866, 872 (5th Cir.1997); see also Wicks v. Mississippi State Employment Services, 41 F.3d 991 (5th Cir.1995) (when faced with a motion to dismiss, the complaint must allege specific facts to negate qualified immunity).

In Taylor v. City of Shreveport, No. CIV.A. 07-1817, 2009 WL 2762710 (W.D. La. Aug. 27, 2009), this Court discussed failure to intervene claims under Section 1983:

> The Fifth Circuit has recognized that "an officer who is present at the scene [where excessive force is used] and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." Hale v. Townley, 45 F.3d 914, 919 (5th Cir.1995). A critical inquiry in a failure to intervene claim is whether the officer "had a reasonable opportunity to realize the excessive nature of the force and to intervene to stop it." Id.

Taylor, 2009 WL 2762710, at *3. At this stage, the facts plead in Coleman's Second Amended Complaint must be accepted as true. Coleman has alleged facts that raise questions as to whether the inaction of Officer Shaver and Office Combs was objectively reasonable in light of the circumstances. See id. Coleman alleged that Officer Combs and Officer Shaver were in the immediate vicinity when Officer Lee body slammed him onto the concrete floor of the porch; slammed his head on the floor; and repeatedly kicked him in his head and lower body area. See id. In light of these factual allegations, the Court would like the benefit of discovery before considering whether Officer Shaver and Officer

Combs had a reasonable opportunity to realize the claimed excessive force and to intervene to stop it.  Thus, the Motion to Dismiss must be **DENIED** because Coleman has plead specific facts sufficient to raise a right to relief above the speculative level.

### III.   CONCLUSION.

Based on the foregoing analysis, Defendants' Motion to Dismiss (Record Document 39) is **DENIED**.  The Court finds that Coleman effectuated sufficient service and has plead facts sufficient to raise a right to relief above the speculative level as to his failure to intervene claim.  Moreover, the Court would like the benefit of more discovery before making a determination as to the objective reasonableness of Officer Shaver's and Officer Combs' actions.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of January, 2017.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE